RP

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Michael Trollope, aka: Tom Michaels, <br><br> Plaintiff, <br><br> vs. <br><br> Barbara Rodriguez Mundell, et al., <br><br> Defendants. | No. CV 10-1501-PHX-DGC (DKD) <br><br> **ORDER** |

Plaintiff Thomas Michael Trollope, aka: Tom Michaels, who is confined in the Arizona State Prison Complex-Florence, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1), a pleading entitled "Petitioner's Motion For Court Order" (Doc. 3), a "Motion For Appointment Of Counsel" (Doc. 4), a "Motion To File In Excess Of Pages Allowed By Rule" (Doc. 5), a "Certified Statement Of Account" (Doc. 6), an Application to Proceed *In Forma Pauperis* (Doc. 7), and a pleading entitled "Petitioner's Brief In Support Of Civil Rights Action" (Doc. 8) ("Brief").

The Court will grant Plaintiff's Application to Proceed *In Forma Pauperis*, will assess an initial partial filing fee, will grant Plaintiff's "Motion To File In Excess Of Pages Allowed By Rule," will deny Plaintiff's pleading entitled "Petitioner's Motion For Court Order" and Plaintiff's "Motion For Appointment Of Counsel," and will dismiss the Complaint and this action for failure to state a claim upon which relief may be granted.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 7) will be granted. Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $6.00. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual

allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, No. 07-17265, 2010 WL 2947323, at *3 (9th Cir. Jul. 29, 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim, without leave to amend because the defects cannot be corrected.

### III. Complaint

Named as Defendants in the Complaint are: (1) Barbara Rodriguez Mundell, Chief Judge, Maricopa County Superior Court; (2) Steven R. Sheldon, Judge, Maricopa County Superior Court; (3) Richard J. Trujillo, Judge, Maricopa County Superior Court; (4) Paul J. McMurdie, Judge, Maricopa County Superior Court; (5) Maricopa County; (6) State of Arizona; (7) Ann A. Scott Timmer, Chief Judge, Arizona Court of Appeals; (8) Anthony Mackey, Judge, Arizona Court of Appeals; and (9) Ronald R. Reinstein, former Presiding Judge, Maricopa County Superior Court.

Plaintiff alleges two counts in the Complaint. In both counts, Plaintiff claims that his right of unfettered access to the courts, his right to a fair and impartial trial, his right to an evidentiary hearing, and his right to a trial by an impartial jury were violated. Plaintiff also alleges that his constitutional rights to due process and equal protection were violated in "this '1983' suit."

In Count I, Plaintiff claims that Defendant Steven R. Sheldon "struck" Plaintiff's "State Superior Court Motion For Rehearing instead of 'dismissing' or 'denying' it, which then rendered [Plaintiff's] Petition For Review 'untimely.'" Plaintiff alleges that "Defendant Sheldon engineered [Plaintiff's] 'default to [the] Court of Appeals." Plaintiff also alleges that Defendant Anthony Mackey "found [Plaintiff's] Petition For Review 'untimely' despite that [Plaintiff] provided [a] stamped, confirmed copy of [the] Motion For Rehearing."

In Count II, Plaintiff claims that Defendants Richard J. Trujillo and Paul J. McMurdie "have refused to rule on [Plaintiff's] current Motion For Rehearing, and are again implying that [Plaintiff's] Motion For Rehearing is 'untimely.'" Plaintiff alleges that the "Superior Court Defendants are again engineering [Plaintiff's] 'default' to [the] Court of Appeals just as they did more than a year ago."

Plaintiff seeks a jury trial, immediate release from prison, and cash reparations for the denial of his civil rights.[1]

### IV. Dismissal of Defendants

#### A. Defendants Mundell, Timmer, and Reinstein

To state a viable constitutional claim under 42 U.S.C. § 1983, Plaintiff must show an affirmative link between the alleged injury and the conduct of an individual Defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

To state a claim against a state official, the civil rights complainant must allege that the official personally participated in the constitutional deprivation, or that a state supervisory official was aware of the widespread abuses and with deliberate indifference to the inmate's constitutional rights failed to take action to prevent further misconduct. King, 814 F.2d at 568; see also Monell v. New York City Department of Social Services, 436 U.S. 658, 691 (1978); Williams v. Cash, 836 F.2d 1318, 1320 (11th Cir. 1988).

There is no liability under 42 U.S.C. § 1983 based on a theory of *respondeat superior*,

---

[1] Release from prison is not a form of relief that is available in a civil action brought under 42 U.S.C. § 1983. The appropriate avenue for seeking release for prison is a petition for habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973).

- 4 -

and, therefore, a defendant's position as the supervisor of persons who allegedly violated a plaintiff's constitutional rights does not impose liability. Monell, 436 U.S. at 691; West v. Atkins, 487 U.S. 42, 54 n.12 (1988); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984).

Although Plaintiff names Barbara Rodriguez Mundell, Ann A. Scott Timmer, and Ronald R. Reinstein as Defendants in the Complaint, he has not described any specific conduct by these Defendants that violated Plaintiff's constitutional rights and led to his injuries. Indeed, Plaintiff does not mention these Defendants in the body of the Complaint. Apparently, Plaintiff has named these judges as Defendants because they were the Chief Judge or Presiding Judge when other judges in their courts made decisions that Plaintiff is complaining about in this action. However, as noted above, there is no liability for individual defendants in an action pursuant to 42 U.S.C. § 1983 under a theory of *respondeat superior*.

Accordingly, Defendants Barbara Rodriguez Mundell, Ann A. Scott Timmer, and Ronald R. Reinstein are subject to dismissal from this action for failure to state a claim upon which relief may be granted.

**B.     Defendants Sheldon, Trujillo, McMurdie, and Mackey**

As Maricopa County Superior Court Judges, Defendants Steven R. Sheldon, Richard J. Trujillo, and Paul J. McMurdie are absolutely immune from liability for damages. As an Arizona Court of Appeal Judge, Defendant Anthony Mackey is also absolutely immune from liability for damages.

"Judges are immune from damage actions for judicial acts taken within the jurisdiction of their courts." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). Indeed, judges are absolutely immune from suits for damages for their judicial acts, "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Stump v. Sparkman, 435 U.S. 349, 356 (1978); Ashelman, 793 F.2d at 1072. Not even allegations by a plaintiff of "bad faith, personal interest or outright malevolence" are enough to remove the cloak of absolute immunity from judges acting within the jurisdiction of their courts. Ashelman, 793 F.2d at 1078.

1    Plaintiff's asserts in his Brief (Doc. 8) that the "striking" of his "original Motion For Rehearing" by Defendant Sheldon "was a 'ministerial or administrative task'" and "hence [the] [J]udge is not immune." Plaintiff also asserts that the "recent Superior Court ruling finding [Plaintiff's] Motion For Rehearing 'untimely' was also an 'administrative or ministerial task.'" Plaintiff is mistaken. These acts were clearly judicial acts. Indeed, Plaintiff also refers to these actions in his Brief as "[j]udicial actions."

All of Plaintiff's allegations against Defendants Steven R. Sheldon, Richard J. Trujillo, Paul J. McMurdie, and Anthony Mackey in the Complaint involve their judicial acts as Superior Court Judges or as an Arizona Court of Appeals Judge. Thus, these Defendants are absolutely immune from liability for damages.

Accordingly, Defendants Steven R. Sheldon, Richard J. Trujillo, Paul J. McMurdie, and Anthony Mackey are subject to dismissal from this action for failure to state a claim upon which relief may be granted.

### C.    Defendants Maricopa County and State of Arizona

Other than noting that the "incidents took place" in Maricopa County and in the State of Arizona, Plaintiff has not linked the actions of either Defendant Maricopa County or the State of Arizona with the injuries that he complains about in the Complaint. Accordingly, they are improper Defendants and are subject to dismissal from this action for failure to state a claim upon which relief may be granted. See Rizzo, 423 U.S. at 371-72, 377.

Also, under the Eleventh Amendment to the Constitution of the United States, a state or state agency may not be sued in federal court without its consent. Pennhurst State School and Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Furthermore, "a state is not a 'person' for purposes of section 1983." Gilbreath v. Cutter Biological, Inc., 931 F.2d 1320, 1327 (9th Cir. 1991) (citation omitted).

## V.    Dismissal of Complaint Without Leave to Amend

Because no Defendants now remain, the Complaint (Doc. 1) will be dismissed for failure to state a claim upon which relief may be granted. Also, because it is clear from the face of the Complaint that the deficiencies in the Complaint cannot be cured by amendment,

the Court's dismissal will be without leave to amend, and the Court will order that the action be dismissed and judgment entered. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Lab, 622 F.2d 458, 460 (9th Cir. 1980)).

To the extent that Plaintiff asks in his Brief for the Court to treat this § 1983 action in the alternative as a "habeas petition," the Court declines to do so because Plaintiff has previously filed a habeas petition in this Court in case number CV 99-1270-PHX-ROS, in which he challenged the conviction that he complains about in the instant action. Under 28 U.S.C. § 2244(b)(3)(A), before a second or successive 28 U.S.C. § 2254 petition may be filed in the district court, a petitioner must first obtain an order from the United States Court of Appeals authorizing the district court to consider the petition. The Court of Appeals will not issue an order authorizing a successive petition unless the petition meets the requirements of 28 U.S.C. §§ 2244(b)(A) and (B). Plaintiff does not allege that he has obtained permission of the Ninth Circuit Court of Appeals to file a second or successive 28 U.S.C. § 2254 petition in his Court.

## VI.  Pending Motions

### A.  Motion for Court Order

On July 15, 2010, Plaintiff filed a pleading entitled "Petitioner's Motion For Court Order" (Doc. 3), in which he moves the Court to order him to produce his exhibits to support his claim. The Court will deny Plaintiff's Motion in light of the dismissal of the Complaint and this action.

### B.  Motion for Appointment of Counsel

On July 15, 2010, Plaintiff filed a "Motion For Appointment Of Counsel" (Doc. 4). There is no constitutional right to appointment of counsel in a civil case. See Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 269 (9th Cir. 1982); Randall v. Wyrick, 642 F.2d 304 (8th Cir. 1981). The appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

A determination with respect to exceptional circumstances requires an evaluation of

the likelihood of success on the merits as well as the ability of Plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issue involved. Id. "Neither of these factors is dispositive and both must be viewed together before reaching a decision." Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not presently appear that exceptional circumstances are present that would require the appointment of counsel in this case. Accordingly, Plaintiff's Motion will be denied.

### C. Motion to File in Excess of Pages Allowed by Rule

On July 15, 2010, Plaintiff filed a "Motion To File In Excess Of Pages Allowed By Rule" (Doc. 5), in which he request that the Court accept his Complaint with seven extra pages. Plaintiff's Motion will be granted.

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 7) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $6.00.

(3) Plaintiff's pleading entitled "Petitioner's Motion For Court Order" (Doc. 3) and Plaintiff's "Motion For Appointment Of Counsel" (Doc. 4) are both **denied**.

(4) Plaintiff's "Motion To File In Excess Of Pages Allowed By Rule" (Doc. 5) is **granted**.

(5) The Complaint (Doc. 1) and this action are **dismissed** for failure to state a claim upon which relief may be granted, and the Clerk of Court **must enter judgment** accordingly.

//
//
//
//
//
//

(6) The Clerk of Court **must make an entry** on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(7) The docket **shall reflect** that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

DATED this 8th day of September, 2010.

_David G. Campbell_
David G. Campbell
United States District Judge